Filed 11/14/23  P. v. Roman CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>ISIDRO PAVON ROMAN,<br><br>　　　　Defendant and Appellant. | A165444<br><br>(San Mateo County<br>Super. Ct. No. SC034149A) |

Isidro Pavon Roman appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6 (all further statutory references are to the Penal Code).  His appellate counsel filed an opening brief informing this court that he reviewed the record and could find no arguable issues to raise on appeal.  Citing *People v. Delgadillo* (2022) 14 Cal.5th 216, counsel asked us to send his brief to Roman with notice "informing the defendant of his right to file a supplemental letter or brief and that if no supplemental letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.)  We so informed Roman, and he filed a supplemental brief that is three pages long.  We have evaluated Roman's arguments as best we understand them, and we find no issues of

1

merit.[1]  (See *id*. at p. 232 [when appellate counsel has found no arguable issues and the appellant submits a supplemental brief or letter, "the Court of Appeal is required to evaluate the specific arguments presented in that brief"].)  Accordingly, we shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**Underlying Charges, Conviction, Sentence, and Appeal**.

On April 12, 1994, Roman was charged by information with murder of Jose Manuel Gonzalez, in violation of section 187, subdivision (a).  The information also alleged that Roman had personally used a firearm in the commission of that crime (§ 12022.5, subd. (a)).

On October 24, 1994, a jury found Roman not guilty of first degree murder, and guilty of second degree murder, and found the personal use of a firearm allegation true.

Roman was sentenced to 15 years to life for second degree murder, with a consecutive term of four years for personal use of a firearm enhancement.

This court affirmed the judgment in an opinion filed November 21, 1995.  (*People v. Roman* (Nov. 21, 1995, A068093) [nonpub. opn.].)

**Petition for Resentencing**

On January 31, 2022, representing himself, Roman filed a petition for resentencing under section 1170.95 (since renumbered section 1172.6).[2]  The

_____

[1] Roman has attached various "exhibits" (A through D)  to his supplemental brief, and we find them irrelevant.  They include a two-page declaration dated December 9, 2016, purporting to be from counsel who represented him in connection with a petition for DNA testing, and relating to the provision of documents to Roman; correspondence from the same counsel dated March 22, 2011, related to the case file; a portion of an investigator's report dated August 29, 2012; a portion of a ballistics report; and a portion of a sheriff's report.

[2] A person convicted of murder is eligible to petition for relief when he or she was "convicted of felony murder or murder under the natural and

2

district attorney filed an opposition, and Roman, then represented by counsel, filed a reply. The prosecution filed an additional reply brief and request for judicial notice, including the information, verdict forms, the jury instructions given at trial, and this court's opinion on appeal.

The trial court then held a hearing and denied the petition. The court stated, "in looking at the Information, the jury instructions, and the convictions, the petitioner was convicted of second degree murder with the

---

probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1172.6, subd. (a).) An eligible person may file a petition to have that "conviction vacated and to be resentenced on any remaining counts." (*Ibid.*) The petition must include a declaration by the petitioner stating that he or she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subds. (a)(3), (b)(1)(A).)

The petitioner must also (1) declare that "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine" and that "[t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder" (§ 1172.6, subds. (a)(1)–(2), (b)(1)(A)) and (2) provide the superior court case number and year of conviction (*id.*, subd. (b)(1)(B)).

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) But if "the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.'" (*Ibid.*)

3

personal use of a firearm. [¶] I don't have to get into the facts of this case because in looking at the jury instructions that were given here, those instructions made clear that the petitioner was not convicted under a theory where malice would be imputed to a person based on that person's participation in a crime. He is not a co-defendant in this case. There's no other charges of robbery or any such charges that would fall under either the felony murder rule or a natural and probable consequences theory. [¶] He is the only person convicted in this case of murder in the second degree. . . . He is the only person, based on the record, that was convicted for murder with the use of a firearm." The court stated that Roman's "claim fails based on the statute of what is required to show that he would be eligible for such re-sentencing."

## DISCUSSION

We have reviewed Roman's supplemental brief and find it difficult to discern how it relates to the order denying his petition for resentencing.

The substantive portion of the brief is headed, "Defendant's Grounds In Support of Motion" and consists primarily of 10 enumerated short paragraphs, most one sentence long, with no analysis or citation to the record. As best we can tell, these enumerated paragraphs are directed to Roman's underlying conviction that was affirmed on appeal by this court in 1995, in case number A068093. None of these paragraphs has any bearing on this appeal, which concerns his petition to be resentenced under section 1172.6.[3] The remaining half page of the supplemental brief purports to

---

[3] For example, paragraph 1, citing to "A.L.R." addresses generic issues in jury instructions; paragraph 2 asserts "innassistance of trial counsel and appellate counsel for failed to investigate and prepare a defence;" paragraphs 4, 5, and 6 assert "innassistance" related to expert witnesses; paragraphs 7 and 8 assert "prosecution misconduct and inassistance of trial counsel;"

4

assert a list of reasons "to review the entitle record and grant . . . resentence," but these short statements are similarly not elucidating.  Two statements cite to non-compliance with *Anders v. California* (1967) 386 U.S. 738, the federal analog to a *Wende* appeal, and allege non-specific "inassistance" of appellate counsel in "Wende" brief for failing to comply with *Anders*.  Three others appear to relate to issues that might have been raised in the underlying direct appeal, asserting without more, "sufficient of evidence re 2d degree murder," "prejudice as a result of: prosecution misconduct for failed to disclose (extensive criminal record of [victim])"; and another simply posing the question "were all relevant lesser-including offenses given?"  Even if we could discern the specific arguments being made, we decline to address them here because they are not before us on this appeal.

## DISPOSITION

The challenged order is affirmed.

---

paragraph 9 asserts a conspiracy between prosecution and trial counsel; paragraph 10 asserts "innassistance of counsel" because "no mitigating factors were presented at any time" in trial or on appeal.

_____

Miller, J.


WE CONCUR:


_____

Stewart, P.J.


_____

Markman, J.*


A165444, *People v. Roman*

---

\* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.